AMOS P. BEAN AND OTHERS *v.* PRUDENTIAL COMMITTEE OF SCHOOL DISTRICT NO. 11 IN GLOVER.*

*School District.*

Under § 38, ch. 20, C. S., a school district has the power by a majority vote to locate a school house. It does not require all the legal voters to agree.†

PETITION for a writ of *mandamus* to compel the prudential committee of school district No. 11 in Glover to make application to the selectmen of the town to locate a school house.

It appeared that the district by a majority vote, on the 28th of January, 1863, located the school house. The minority were dissatisfied with the place selected, and demanded that the prudential committee should apply to the selectmen to locate the school house, which the committee refused to do,—whereupon these petitioners filed said petition upon the grounds set forth in the opinion of the court.

The opinion of the court was delivered by

ALDIS, J. The district at a legal meeting by a vote of the majority located a school house. The minority claim that *all* the legal voters must agree, or the prudential committee should apply to the selectmen under § 38, ch. 20, C. S., p. 148 ; that the statute was framed to protect the rights of the minority, and that if *all* who are *interested* cannot agree, then a *disinterested* board should determine, so that the majority being interested in the question shall not unjustly deprive the minority of its rights.

The 37th section of the 20th chapter provides that school districts by vote may raise money by a tax for building a school house, and it cannot be questioned that this means by vote of a majority.

The 38th section provides that each district may *also* determine in what place the school house shall be located, and choose a committee to superintend the building of it.  So far, it is clear that this is meant to be done *also* by vote of a majority.  It then proceeds : "If the voters in the district cannot agree upon the location of the school house, the selectmen upon application of the prudential committee may fix upon the place."  This was not intended to mean that all the voters must agree, and if any one dissents the question must be left to the selectmen.  But sometimes in a district several locations, three or more, may be advocated by different parties, so that no one can command a majority of votes.  In such cases application may be made to the selectmen.

The 54th section of chapter 20 clearly favors this construction. It enacts that when a district votes to have two or more school houses, the district shall by vote, or in such other manner as the legal voters present may determine, fix on the location.  The phrase " by vote" is always construed to mean by vote of the majority, unless the express term of the act show another intent ; thus, sections 40 and 46 of this chapter show that the vote to abate taxes and to omit the names of such as are not able to pay their taxes must be by a vote of two-thirds of the voters present ; while sections 37 and 43 show that the words " by vote" means by vote of a majority.

Such is the ordinary meaning attached by popular use to the phrase " by vote," or "the voters" agree, and the language of statutes is to be interpreted according to common use.

The General Statutes have altered the law in this particular and— more tender of the rights of minorities and we think wisely—require two-thirds of the voters to agree or the selectmen may determine.

Petition dismissed.